# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **JIM ADLER, P.C.,** a Texas corporation; Jim Adler, an individual | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **CASE NO.: 4:20-cv-3667**<br>) |
| **SLOCUMB LAW FIRM, LLC,** an Alabama limited liability company, **MICHAEL W. SLOCUMB**, an individual | )<br>)<br>)<br>) |
| **Defendants.** | ) |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendants Slocumb Law Firm, LLC ("SLF") and Michael W. Slocumb ("Slocumb") filed a partial Motion to Dismiss pursuant to FRCP 12(b)(6). (Doc. 29.) Defenandants file this answer to that portion of the Complaint (Doc. 1) not subject to the Motion to Dismiss[1] as follows:

### **NATURE OF ACTION AND JURISDICTION**

---

[1] "It is unclear from the language of Rule 12(a) whether service of a Rule 12(b) motion directed at only parts of a pleading enlarges the period of time for answering the remaining portions of the pleading." § 1346 Service of Responsive Pleadings—Time for Serving and Filing, 5B Fed. Prac. & Proc. Civ. § 1346 (3d ed.) While the majority view is that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint," this authority is limited. Id.

1. Defendants admit that Plaintiffs bring this action on all of the bases included in this paragraph, but denies any remaining allegations of this paragraph.

2. Admitted.

3. Denied. Defendants filed motions to dismiss based on lack of personal jurisdiction (as to Slocumb) and improper venue. Defendants acknowledge that the Court has denied those motions, but preserve all arguments raised in their motions.

## PARTIES

4. Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

5. Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny them.

6. Denied.

7. Admitted.

## OVERVIEW OF THE CASE

8. Denied.

## FACTS

**A. "Jim Adler, The Texas Hammer"**

Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraphs 9–15 and therefore deny them.

**B. "Plaintiffs' Well-Known Brand and Persona"**

Defendants admit that Jim S. Adler, PC owns the federal registrations identified in Paragraph 19, and that Plaintiff utilize those marks in advertisements, but lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraphs 16–32 and therefore deny them.

C. **"Plaintiffs'** *We Stand Tough* **Commercials"**

Plaintiff's "We Stand Tough" commercial is a publically available recording, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to any other allegations in paragraphs 33–39 and therefore deny them.

40. Defendants admit that Jim S. Adler PC owns US Copyright Registration No. PA0002230630 for a work titled "We Stand Tough", but lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 40 and therefore deny them.

D. **"Plaintiffs' Online Advertising"**

Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraphs 41–44 and therefore deny them.

E. **"Mike Slocumb and the Slocumb Firm"**

45. Defendants admit that Slocumb is a personal injury attorney who offers legal services through SLF, that Slocumb is the sole owner of SLF, and that Slocumb has authority to bind SLF in transactions. Defendants deny the remaining allegations of this paragraph.

46. Admitted.

47. Defendants admit that the SLF website and social media pages are publicly accessible from anywhere in the United States, and admit that SLF receives phone calls in relation to its advertising efforts, but deny the remaining allegations of this paragraph.

48. Defendants admit that slocumblaw.com has, at times, included references to the "Alabama Hammer," including copies of Defendants' commercials. Defendants deny that Slocumb has referred to himself as "the Hammer." Defendants generally admit the remaining allegations of this paragraph.

49. Admitted.

50. The commercials referenced in the paragraph are publically available recordings, which speak for themselves. Defendants deny that Slocumb refers to himself as "the Hammer" in advertising and marking. To the extent that this paragraph makes any other allegations against Defendants, such allegations are denied.

**F. "Defendants' *Tough* Commercial"**

Defendants admit that SLF contracted with a production company to create "the *Tough* commercial" referenced in this portion of Plaintiffs' Complaint and that it displayed the *Tough* commercial publicly. The contents of the *Tough* commercial and Plaintiffs' *We Stand Tough* commercial are recordings that speak for themselves. To the extent that paragraphs 51–59 make any other allegations against Defendants, such allegations are denied.

60. Defendants admit that Plaintiffs sent SLF a demand letter in March 2020. In response to that letter, SLF ceased airing the *Tough* commercial. To the extent that this paragraph makes any other allegations against Defendants, such allegations are denied.

**G. "Defendants' Expansion into Texas"**

61. Defendants admit that SLF operates offices in Houston and Dallas, Texas. Defendants deny the remaining allegations of this paragraph.

62. Defendants deny that Slocumb has been promoted as the "Alabama Hammer," the "DC Hammer," and/or the "Hammer" to consumers in Texas. Defendants admit that the SLF website and YouTube account are publically accessible, but deny that any references to the "Alabama Hammer" or "DC Hammer" are directed to consumers in Texas. To the extent that this paragraph makes any other allegations against Defendants, such allegations are denied.

63. Denied.

64. Denied.

**H. "Defendants' Infringing Click-to-Call Scheme"**

65. Denied.

66. Defendants admit that SLF has offices in Dallas and Houston and that it has a website through which it advertises its services. Defendants deny the remaining allegations of this paragraph.

67. Defendants admit that, at one time, SLF purchased keywords associated with Adler's marks, but it ceased purchasing such keywords before this lawsuit was filed.

Defendants expressly deny that the purchase of keywords is unlawful or otherwise prohibited and further denies that Slocumb was "impersonating" Plaintiff Adler. Defendants deny the remaining allegations of this paragraph.

68. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

69. Denied.

70. Denied.

71. Defendants admit that the depicted examples are "click-to-call" advertisements which allow users to directly call the entity that placed the advertisement, but lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them.

72. Defendants deny that their actions mislead or confuse customers in any way. To the extent that this paragraph makes any other allegations against Defendants, such allegations are denied.

73. Denied.

74. Denied.

75. Defendants admit that they are not affiliated with or sponsored by Plaintiffs, but deny the remaining allegations of this paragraph.

I. "Effect of Defendants' Scheme"

Defendants deny the allegations in paragraphs 76–92 of this portion of the Complaint and demand strict proof thereof.

## COUNT I: FEDERAL COPYRIGHT INFRINGEMENT

93. Defendants incorporate their answers to the above paragraphs as if fully set forth herein.

94. Denied.

95. Denied.

## PRAY FOR RELIEF

In response to Plaintiffs' Prayer for Relief, Defendants deny that Plaintiffs are entitled to, or that Defendants are liable in whole or in part, for any damages, costs, or attorneys' fees, as requested in the Complaint. Defendants also deny that Plaintiffs are entitled to any of the requested forms of relief in subsections (a)–(i) of their Prayer for Relief, including injunctive relief.

**DEFENDANTS, PURSUANT TO FRCP 12(a), WILL ANSWER THE REMAINTING CLAIMS AFTER DEPENDING THE RESOLUTION OF THEIR MOTION TO DISMISS. UNLESS EXPRESSLY ADMITTED HEREIN, ALL ALLEGATIONS IN THE COMPLAINT ARE DENIED.**

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs' claims are barred in whole or in part due to Plaintiffs' failure to state a claim upon which relief can be granted.

2. Plaintiffs' request for injunctive relief is barred because Plaintiffs have adequate remedy at law.

3. Plaintiffs' claim for injunctive relief is barred to the extent it seeks retroactive relief rather than prospective relief.

4. Plaintiffs' claims for injunctive relief are barred because Plaintiffs' cannot meet the requirements of Fed. R. Civ. P. 65 needed to obtain injunctive relief.

5. Plaintiffs' claims are barred in whole or in part by the doctrines of consent and ratification.

6. Plaintiffs' claims are barred in whole or in part by the defense of waiver.

7. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

8. Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

9. Plaintiffs' claims are barred by Plaintiffs' acquiescence of SLF's prior use.

10. Plaintiffs' claims are barred in whole or in part by unclean hands.

11. Plaintiffs' claims are barred in whole or in part because there is no likelihood of confusion as their trademarks are diluted.

12. Plaintiffs' commercial constitutes scènes-à-faire that is not eligible for copyright protection.

13. Plaintiffs' claims are barred as Plaintiffs have no protectable interest in the common law mark of the "Hammer".

14. Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs have failed to mitigate asserted damages.

15. Any recovery of punitive or exemplary damages is barred, or must be reduced, under the provisions of the Fifth, Eighth and Fourteenth Amendment of the United

States Constitution.

16. SLF reserves the right to amend and/or supplement this Answer to add additional defenses as the same may become necessary and/or known.

## **SLF and Slocumb's Counterclaims**

**I. PARTIES**

1. Counterclaim Plaintiff Mike Slocumb is a resident of Florida.

2. Counterclaim Plaintiff Slocumb Law Firm ("SLF") is an Alabama limited liability company with its principal place of business in Lee County, Alabama.

3. Counterclaim Defendant Jim Adler is a Texas resident.

4. Counterclaim Defendants Jim S. Adler, P.C. is a Texas corporation with its principal place of business in Houston, Texas.

**II. JURISDICTION**

5. Defendants filed motions to dismiss based on lack of personal jurisdiction (as to Slocumb) and improper venue. Defendants acknowledge that the Court has denied those motions, but preserve all arguments raised in their motions, and file these counterclaims pursuant to FRCP 13.

**III. STATEMENT REGARDING COUNTERCLAIMS**

6. Defendants assert that there is no infringement or confusion with Adler's claimed marks of "The Hammer" and "The Texas Hammer" with Slocumb's marks of "the Alabama Hammer" and the "DC Hammer." (Doc. 29.) Should this Court determine that confusion exists between the marks, then, pursuant to FRCP 8, counterclaim plaintiffs

allege that it is, in fact, Adler who infringed on their trademarks in "the Alabama Hammer" and the "DC Hammer."

**IV. FACTS.**

7. Mike Slocumb founded and operates the Slocumb Law Firm. SLF opened in Alabama and expanded to Washington D.C., Baltimore, and then into other states.

8. SLF has consistently and continuously advertised and promoted Mike Slocumb as either "the Alabama Hammer" or the "DC Hammer" in those markets.

9. As a result of the counterclaim Plaintiffs significant marketing and advertising of "the Alabama Hammer" and the "DC Hammer," and the long use of the same, the consuming public associate "the Alabama Hammer" and the "DC Hammer" with the counterclaim plaintiffs.

10. "The Alabama Hammer" and the "DC Hammer" personas are identified with tough, aggressive, unyielding representation of personal injury victims.

11. As there is a strong recognition of these personas with the counterclaim plaintiffs, the counterclaim plaintiffs own strong and enforceable common law trademark and publicity rights in the marks "the Alabama Hammer" and the "DC Hammer."

12. Counterclaim defendants, upon information and belief advertise themselves as "The Hammer" and "The Texas Hammer" on its website and YouTube which are visible to consumers residing in jurisdictions where counterclaim plaintiffs provide legal services.

13. Counterclaim defendants use of "The Hammer" and "The Texas Hammer" only serve to confuse the public for the competing legal services.

## V. CAUSES OF ACTION

### COUNT ONE – VIOLATION OF LANHAM ACT SECTION 43(A)

14. Counterclaim plaintiffs re-avers and incorporates all allegations contained in paragraphs 1 through 13 above.

15. The acts of the counterclaim defendants constitute trademark infringement or false or misleading description or representation of fact and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

16. Counterclaim defendants' actions described above were willful, wanton, reckless, negligent, or innocent and have damaged counter claim plaintiffs.

WHEREFORE, counterclaim plaintiffs request compensatory and punitive damages against counterclaim defendants, plus attorneys' fees, interest, costs, and any other relief to which they may be entitled.

### COUNT TWO – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

17. Counterclaim plaintiffs re-avers and incorporates all allegations contained in paragraphs 1 through 16 above.

18. The acts of the counterclaim defendants described above constitute tortious interference with prospective business opportunity.

WHEREFORE, counterclaim plaintiffs request compensatory and punitive damages against counterclaim defendants, plus attorneys' fees, interest, costs, and any other relief to which they may be entitled.

**JURY TRIAL DEMANDED**.

/s/ Scott M. Speagle
SCOTT M. SPEAGLE (SDTX Bar No.: 3675889)
Attorney for Counterclaim Plaintiffs

OF COUNSEL:

WEBSTER, HENRY, BRADWELL, COHAN,
 SPEAGLE & DESHAZO, P.C.
Attorney-in-Charge
Post Office Box 239
Montgomery, Alabama 36101-0116
Telephone: (334) 264-9472
Facsimile: (334) 264-9599

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the following by United States mail, postage prepaid and properly addressed or by electronically filing with the Clerk of the Court using the CM/ECF which will send notification to the following on this the 10th day of June 2021:

Jered E. Matthysse, Esq.
PIRKEY BARBER PLLC
1801 East 6th Street, Ste. 300
Austin, Texas 78702

Kurt Kuhn, Esq.
KUHN HOBBS PLLC
3307 Northland Drive, Ste. 310
Austin, Texas 78731

Lloyd A. Lim, Esq.
Balch & Bingham LLP
811 Louisiana Street, Suite 1010
Houston, Texas 77002

Marcus R. Chatterton, Esq. (*Admitted Pro Hac Vice*)
Sloane B. Phillips, Esq. (*Admitted Pro Hac Vice*)
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201

/s/ Scott M. Speagle
OF COUNSEL